REQUESTED BY: Senator Donald L. Wagner Nebraska State Legislature State Capitol Box 41 Lincoln, NE 68509
Dear Senator Wagner:
You have requested an opinion of this office concerning whether an ambiguity exists which might require corrective legislation in regard to vehicle width restrictions on farm equipment dealers hauling or transporting combines. Specifically, you have asked if a farm equipment dealer hauling a combine must be within the fifteen foot width limit of subsection (5) of Neb.Rev.Stat. § 39-6,177, (1982 Supp.), if such dealer is transporting the combine from factory to shop for repair; transporting the combine from factory to shop for sale or lease; delivering the combine to a buyer or lessee from the factory or shop; or delivering the combine after repair. Further, you have asked to whom does the limitations of subsection (5) of section 39-6,177 apply if subsection (6) of section 39-6,177 applies to the above situations.
Neb.Rev.Stat. § 39-6,177 (1982 Supp.) provides in pertinent part:
 `No vehicle shall exceed a total outside width, including any load thereon, of eight feet, except that such prohibition shall not apply to . . . (5) combines and vehicles used in transporting combines, and only when transporting combines, to be engaged in harvesting, while being transported into or through the state during daylight hours, when the total width, including the width of the combine being transported does not exceed fifteen feet, except that vehicles used in transporting combines may, when necessary to the harvesting operation, travel unloaded for distances not exceed twenty five miles, while the combine to be transported is engaged in a harvesting operation, (6) farm equipment dealers hauling, driving, delivering, or picking up farm equipment, including portable livestock buildings not exceeding fourteen feet in width, or implements of husbandry during daylight hours, . . .'
We are of the opinion that a farm equipment dealer, transporting a combine under all of the circumstances you have suggested, does so under subsection (6) of section39-6,177, and accordingly, is exempt from width restrictions during daylight hours. In fact, all movements of farm equipment by farm equipment dealers during daylight hours fall within the terms of subsection (6), that is `hauling', `driving', `delivering', or `picking up' farm equipment. In our opinion, subsection (5) of section 39-6,177 applies to those persons other than equipment dealers and farmers in the normal course of their farming operations, who are transporting combines, the most obvious member of that group of persons being custom combiners who travel through the state during the harvest season.
In conclusion, we find no ambiguity existing in Neb.Rev.Stat. § 39-6,177 (1982 Supp.) regarding width restrictions on farm equipment dealers hauling or transporting combines.
Very truly yours, PAUL L. DOUGLAS Attorney General John E. Brown Assistant Attorney General